[re Docket Item 551]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN R. ANDREWS, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 95-1047 (JBS) |
| v. | |
| GREGORY HOLLOWAY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Judgment Defendant Gregory Holloway's motion to reconsider this Court's March 12, 2009 Order holding him in contempt of court [Docket Item 551], and the letter in opposition thereto on behalf of Plaintiffs dated April 6, 2009.  THIS COURT FINDS AS FOLLOWS:

1.  On March 13, 2009, this Court entered an Opinion and Order holding Defendant Holloway in contempt of Court, ordering his arrest and civil confinement until he purges his contempt, but providing him with the opportunity to voluntarily surrender to the United States Marshal's Office in Camden, New Jersey by March 23, 2009 at Noon [Docket Items 548 & 549].

2.  Defendant Holloway did not surrender by Noon on March 23, 2009, and consequently, a civil warrant was issued for his arrest on March 23, 2009 [Docket Item 550].

3.  To date, the Marshals have been unable to arrest

Defendant Holloway.  Furthermore, Defendant Holloway has not voluntarily surrendered.  In sum, it appears that Defendant Holloway is attempting to evade this Court's March 12, 2009 Opinion and Order.

    4.  On April 2, 2009, fourteen (14) business days (and twenty-one calendar days) after this Court entered its Opinion and Order, and over a week after Defendant Holloway failed to voluntarily surrender as required by that Order, Defendant Holloway filed this motion to reconsider the Court's Order holding him in contempt pursuant to Local Civil Rule 7.1 (i). Defendant Holloway did not seek a stay of execution of the warrant.

    5.  Rule 7.1(i) provides: "A motion for reconsideration shall be served and filed within 10 business days after entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  In this case, Defendant Holloway filed his motion more than 10 business days after the Order for contempt was entered.  Defendant did not seek an extension of time to file such a motion, nor has he offered any explanation for this untimeliness.  The Court may deny a motion to reconsider solely for failure to file within ten business days. <u>Omar v. Mueller</u>, No. 07-813, 2007 WL 2868102, at *1 (D.N.J. Sept. 26, 2007) ("It is well-settled that untimeliness alone constitutes sufficient grounds to deny a motion for reconsideration.")

6. Even on the merits, Defendant Holloway's motion must fail. To prevail on a motion for reconsideration, the movant must show either

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Defendant's motion points to no error (factual or legal) in the Court's Opinion and does not produce any evidence previously unavailable.[1] The Court will deny Defendant's motion to reconsider on its merits, as well as for untimeliness.

7. Though much of Defendant's motion addresses Defendant's purported efforts to purge his contempt in response to the Court's Order, Defendant has presented no evidence of these efforts. Instead, the Court has counsel's representations of what Defendant Holloway has tried to do, in the form of a motion,

---

[1] The Court observes that the only evidence produced, a letter from a Florida attorney Michael L. Cohen, regarding the value of a home on Palm Beach County, purportedly owned by Defendant's wife, Laura Andre, could easily have been procured by Defendant well before the Court issued its contempt order. (Def. Mot. Reconsider Ex. A.) In any event, attorney Cohen's letter refers to other financial documents in counsel's possession both signed and unsigned by Mr. Holloway pertaining to his marital domicile, each of which should have been produced to Plaintiffs' counsel long ago under the prior Court Order. Moreover, at best, attorney Cohen's letter illuminates but one aspect of the post-judgment discovery disputes that gave rise to, and continue to exemplify, Mr. Holloway's contempt of court.

and a letter from an attorney insisting that there is no more documentation (beyond what has been provided to Plaintiffs) regarding the foreclosure of a home in Palm Beach.  (Def. Mot. Reconsider Ex. A.)  This single letter is not sufficient to purge Defendant's long and varied history of contemptuous behavior, described at length in this Court's March 12, 2009 Opinion. Andrews v. Holloway, --- F.R.D. ---, 2009 WL 690670 (D.N.J. Mar. 12, 2009).

    8.  Attorney Grey's motion also appears to seek reconsideration of the marital privilege issue.  As this Court determined in its Opinion of March 12, 2009, Mr. Holloway's contempt did not arise from his refusal to give testimony about statements his wife made to him in confidence during the course of marriage, and the Court upheld this assertion of privilege; there is nothing to reconsider.

    9.  Finally, this Court observes that any request to reconsider or vacate its order of contempt is vitiated by Defendant's present conduct in evading the civil warrant issued by this Court.  If Defendant Holloway seeks to overcome this Court's civil contempt order, he has a clear and obvious way to do so: to comply.  Upon demonstration of his reasonable compliance, his contempt will be purged.[2]

---

[2] Counsel on both sides, for Plaintiffs and for Defendant, are again encouraged to confer to enable Defendant to comply with the Court's discovery order and purge his civil contempt.  The

The accompanying Order will be entered denying reconsideration.

**April 8, 2009**                                   **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    United States District Judge

---

Court would consider an interim stay of civil confinement <u>if</u> Mr. Holloway gathers and turns over all requested documents, supplies all requested authorizations to obtain documents, and arranges to attend a reconvened deposition and give complete and non-misleading answers, all as required by the Opinion and Order of March 12, 2009.  The Court's interest is in obtaining compliance, not confinement, but the Court detects no signs of compliance to date.