**LAW OFFICE OF ROBIN J. GRAY, ESQ.**
**By: Robin J. Gray**
Attorney ID No. 58725                    Attorney for Defendant
P.O. Box 4322                            Gregory Holloway
Reading, PA 19606
(610) 689-0877


| | |
|---|---|
| **JOHN R. ANDREWS, ET AL** | : UNITED STATES DISTRICT COURT |
|     **Plaintiff** | : FOR THE DISTRICT OF NEW JERSEY |
| | : |
|     **v.** | : |
| | : CIVIL DOCKET NO. 95-1047 (JBS) |
| **GREGORY HOLLOWAY, A/K/A** | : |
| **GREG HOLLOWAY, ET AL** | : |


### MOTION TO DISMISS THE ORDER OF MARCH 12, 2009 ORDER

Defendant, Gregory Holloway, by and through his counsel, Robin J. Gray, Esq.,
hereby files this Motion to Dismiss the order of the March 12, 2009 order and supports
the motion as follows:

1. Defendant Gregory Holloway has stated over and over again in the
   depositions that he does not have the documentation requested by counsel.

2. Although Defendant Holloway has made these statements under oath in his
   four depositions, Plaintiff's counsel does not wish to believe that he has no
   documentation.

3. Since the date of the Court's Order, Defendant has been trying to obtain
   confirmation of the non-existence of documents and to again go through his
   files to see if he can produce any documents and/or answers that Plaintiff has
   requested in Schedule A of the March 8, 2008 petition and order.

4.  After the March 12, 2009 Order was entered, Defendant's counsel was in touch with one of the Defendant's Florida Attorneys regarding the value of the Palm Beach home owned by Defendant's wife, Laura Andre.

5.  Defendant's counsel received a letter from Michael Cohen, Esq., regarding the home and there is no value to the home, which is currently in foreclosure.

6.  The letter from Michael Cohen goes on to state that he does not have any other documents or documentation relating to the foreclosures.

7.  Defendant has further attempted to find the requested documents as set forth in Schedule A of the March 5, 2008 Order.

8.  Defendant has made a diligent effort to find the documentation, since the issuance of the order.  There is very little documentation and much of the documentation does not exist.

9.   Defendant has again reviewed the requests made in Schedule A of the March 8, 2008 Order and has compiled information and answered each of the items listed in Schedule A as per the court order.

10.  Defendant has complied with the March 8, 2008 order by answering Schedule A.  (Answers to Schedule A and the attached documentation are attached to this motion).

11. As a result of Defendant Holloway's fulfillment of his obligation to Answer Schedule A as well as the attached proof that many of these items were discussed and testified under oath at four separate depositions, Defendant is requesting this honorable court to dismiss its order to incarcerate Defendant Holloway.

WHEREFORE, Defendant, Gregory Holloway, requests this honorable court to dismiss its order mandating Mr. Holloway's incarceration and accept the answers to Schedule A of the March 5, 2008 Order.

Respectfully submitted,

/s/ Robin J. Gray

Robin J. Gray

**LAW OFFICE OF ROBIN J. GRAY, ESQ.**
**By: Robin J. Gray**
Attorney ID No. 58725                     Attorney for Defendant
P.O. Box 4322                             Gregory Holloway
Reading, PA 19606
(610) 689-0877


| | |
|---|---|
| **JOHN R. ANDREWS, ET AL** | : UNITED STATES DISTRICT COURT |
| **Plaintiff** | : FOR THE DISTRICT OF NEW JERSEY |
| | : |
| **v.** | : |
| | : CIVIL DOCKET NO. 95-1047 (JBS) |
| **GREGORY HOLLOWAY, A/K/A** | : |
| **GREG HOLLOWAY, ET AL** | : |


### DEFENDANT'S ANSWERS TO SCHEDULE "A" OF THE MARCH 5, 2008 ORDER

1.     See attached invoice from South East International Trading, Ltd. to Carl Norton dated June 30, 2006 and a Brochure Mr. Norton created.

2.     Palm Beach Consulting is Gary Ross doing business as Palm Beach Consulting

3.     See attached invoice from South East International Trading, Ltd. to Gary Ross dated July 16, 2006. Also see email from Gary Ross.

4.     SEIT is Bob Ilsley, therefore, there are no separate documents. See documents discussed in answers to numbers 1 through 3.

5.     See attached copies of an insurance document and pictures of Mr. Hamilton's motor home. Also see attached a copy of the letter referencing the deal with Dave Hamilton and an invoice for repairs.

6.     The only documents that Defendant is aware of are Plaintiff's exhibit H-5, of which Defendant does not have a copy.  This property was owned by Gary Ross or his wife, Holly Cologne or some entity that they control.  Only Gary Ross could supply information regarding Chocolate Hole.  Defendant testified about this property on May 28, 2008 page 58 lines 11-25, page 59, lines 2-25 page 60, line 25 and pages 61 through 64.

7.     See answers to 1,2, and 4.  Defendant does not have the wiring instruction documents, but Plaintiffs already obtained this document elsewhere and they have already entered it into their exhibits.

8.      The liquidation of real estate in 2006 is a vague request. No property was sold in 2006 by Defendant, Defendant's wife or Defendant's parents in 2006.

9.      There was no AIM offering in 2006. This was merely discussed. Defendant has no documents.  Gary Ross worked on draft documents that he may still have.

10.     Please see answers 1 and 3.

11.     Defendant has no record of transferring 1.6 million to Gary Ross.  Defendant will sign an IRS authorization for the tax returns, if necessary. Defendant testified to this transaction, which took place in 1992 or 1993.  Defendant has no other record other than what is reflected in the tax returns of the years which were given to Plaintiffs 15 years ago.

12.     See answer to No. 6. Defendant has no business relationship with her.

13.     See attached document.  Further, this is the same project as the Keys Project and the Design with the nature project. This project failed and the property was never purchased.

14.     There are no transactions with Laura Andre. Further, Defendant invoked the marital privilege on June 13, 2008 page 48 during Defendant's deposition.

15.     Documents regarding transactions with Caralyne Holloway have already been produced.  Defendant testified about this on June 13, 2008 page 96 lines 21-25 and page 97 lines 2-25.

16.     See attached document in answer No. 13.

17.     See number 13.

18.     See attached document – Defendant's mother filed a lawsuit against Gary Ross. Attached please find a copy from the courthouse of her action.

19.     No coins were given to Gary Ross. Therefore, no documents exist.

20.     Defendant has not purchased any diamond rings ever for anyone, even his wife.

21.     The issue of the Integrity Fair Lane subdivision was testified about on June 13, 2008, page 50, line 4-9.

22.     The issue of Golden Outlooks 11 was testified about on June 13, 2008, page 50, line 10-11.

23.     See answer to number 14.

24.     See answer to number 15.

25.     Defendant has no documents regarding Steven Covert, Esq. Mr. Covert represented Laura Andre as closing agent for her house purchase of 220 Australian Avenue, Palm Beach, FL.

26.     Defendant testified about New Mismatic Financial Corporation on June 13, 2008, page 50, line 12-25 and Page 51 line 2-4.

27.     Defendant testified about First Clearing on June 13, 2008, page 51, lines 5-8. Defendant never had any involvement with this company. Defendant knows nothing of the dealings and have never had any documents regarding this company.

28.     Defendant testified about Allen Maritine on June 13, 2008, page 51, lines 9-10. Defendant never had any involvement with this individual. Defendant knows nothing of the dealings and have never had any documents regarding this company.

29.     Defendant testified about Michael Mundor on June 13, 2008, page 51, lines 11-12. Defendant never had any involvement with this individual. Defendant knows nothing of the dealings and have never had any documents regarding this company.

30.     Defendant testified about Marilyn Cipolon on June 13, 2008, page 51, lines 13-14. Defendant never had any involvement with this individual. Defendant knows nothing of the dealings and have never had any documents regarding this company.

31.     Defendant testified about Superior Galleries on June 13, 2008, page 51 lines 15-25 and page 52, lines 2-3.

32.     Defendant testified about Gary Apps on June 13, 2008,  page 52, lines 4-17 and Page 58, lines 2-6.  Also, see attached letter regarding a 1964 Corvette.

33.     Defendant testified about Lawrence Leneve at length during his depositions. See also a letter from Lawrence Leneve to "Jim."

34.     See answer to no. 33.  This was also discussed on June 13, 2008, page 58 lines 3-9.

35.     No documents exist between Defendant and Daniel Andre.  This was also stated on the record on June 13, 2008 page 59 lines 19-25. There was no business relationship between Defendant and Daniel Andre.

36.     Defendant knows of no such entity called Southeast Trading Group. However, Defendant has heard of a similar name.  See numbers 1, 3, and 4.

37.     Defendant does not have access to Laura Andre's bank account.

38.     Defendant has previously produced tax returns that show information about Laura Andre, Inc. Further, the company has been out of business for over a decade.

39.     See answer to Number 33 and 34.  Real Estate Acquisition and Liquidation partners are also Real Partners Real Estate Brokerage, which is also Larry Leneve.

40.     Enesco is a shuttered company that never opened a checking account and never concluded any business. Defendant testified about Enesco, Inc. on June 13, 2008 page 61, lines 17-25 and Page 62, lines 2-25 and page 63, lines 2-25. No tax returns were ever filed.

41.     Defendant testified about Offshore Capital Group on June 13, 2008 page 63 lines 13-20.  Defendant never had any involvement with this company and knew nothing of its dealings.

42.     Defendant testified about Six Kids Holdings, LLC on June 13, 2008, page 65 lines 7-14.  Defendant never had any involvement with this company and knew nothing of its dealings.

43.     Defendant testified about Workforce Housing Development, LLC on June 13, 2008 page 65, lines  15-25.  Defendant never had any involvement with this company and knew nothing of its dealings.

44.     Defendant testified about Providential Personal Services, Corp. on June 13, 2008, page 68 lines 9-13.  Defendant never had any involvement with this company and knew nothing of its dealings.

45.     Defendant testified about Haverhill Palms, LLC on June 13, 2008, page 68, lines 14-24.  Defendant never had any involvement with this company and knew nothing of its dealings.

46.    Defendant testified about Jefferson Group on June 13, 2008 page 68 line 25 and page 69, lines 2-3.  Defendant never had any involvement with this company and knew nothing of its dealings.

47.    Defendant testified about Builders Financial Mortgage Corporation on June 13, 2008, page 69, lines 4-8.  Defendant never had any involvement with this company and knew nothing of its dealings.

48.    Defendant testified about Builders Financial Construction Corporation on June 13, 2008 page 69, lines 9-11.  Defendant never had any involvement with this company and knew nothing of its dealings.

49.    Defendant testified about PM Mitigation Bank, Inc. on June 13,2 008 page 69, lines 21-25 and page 70, line 2. Defendant never had any involvement with this company and knew nothing of its dealings.

50.    Defendant testified about Akers Away Realty Partners, LP on June 13, 2008 page 70, lines 3-5. Defendant never had any involvement with this company and knew nothing of its dealings.

51.    Defendant testified about Nutrition Partners, LP on June 13, 2008 page 70 lines 6-8.  Defendant never had any involvement with this company and knew nothing of its dealings.

52.    Defendant testified about Commodex Financial Partners, LLC on June 13, 2008 page 70, lines 9-11. Defendant never had any involvement with this company and knew nothing of its dealings.

53.    Defendant testified about Pepperland, LLC on June 13, 2008 page 70 lines 18-19. Defendant never had any involvement with this company and knew nothing of its dealings.

54.    See answer to number 34. This is the same company to the best of Defendant's knowledge. Defendant testified about this on June 13, 2008, page 70 lines 20-25 and page 71 lines 2-7.

55.    Defendant testified about Platinum Properties Realty, LLC on June 13, 2008 page 71 lines 11-24.  Defendant never had any involvement with this company and knew nothing of its dealings.

56.    Defendant has never heard of BFS Labursa, Inc.

57.    Defendant testified about Westec Development Corporation on June 13, 2008 page 71, line 25 and page 72 line 2.  Defendant never had any involvement with this company and knew nothing of its dealings.

58.     Defendant testified about Techcon Holding Corporation on June 13, 2008 page 72 lines 3-4. Defendant never had any involvement with this company and knew nothing of its dealings.

59.     Defendant testified about Partnership Management Services, Inc. on June 13, 2008, page 72 lines 5-25 and page 73, lines 2-16. Defendant never had any involvement with this company and knew nothing of its dealings.

60.     Defendant testified about Interoffice Holdings Corporation on June 13, 2008 page 73 lines 17-19. Defendant never had any involvement with this company and knew nothing of its dealings.

61.     Defendant testified about Australian Realty Partners, LP on June 13, 2008 page 75 lines 17-20. Defendant never had any involvement with this company and knew nothing of its dealings.

62.     Defendant testified about Telicano Partners, LP on June 13, 2008 page 73, lines 22-23. Defendant never had any involvement with this company and knew nothing of its dealings.

63.     Defendant testified about Jupiter Minute Storage, LP on June 13,2008 page 73 lines 24-25 and page 74, lines 2-7. Defendant never had any involvement with this company and knew nothing of its dealings.

64.     Defendant testified about GOV Factors, LP on June 13, 2008 page 74 line 12-25 and page 75 lines 2-13. Defendant never had any involvement with this company.

65.     Defendant testified about Okeechobee Retail Realty Partners, LP on June 13, 2008, page 75 lines 22-24. Defendant never had any involvement with this company and knew nothing of its dealings.

66.     Defendant has no documents regarding Ephraim Bauer.

67.     Defendant has no documents on Bunnel Foundation. Defendant also has no business relationship with them.

68.     Defendant testified about Sun Lee on May 28, 2008 page 98 lines 11-25, page 99 lines 2-25, page 100 lines 2-25 page 101 lines 2-25, page 102 lines 2-25 and page 103 lines 2-25. Defendant does not have possession of the requested documents.  Defendant contacted Steve Ottewell's office to obtain copies of settlement documents.  All of Mr. Ottewell's phone numbers have been disconnected and he has vacated his office.

69.     Defendant has already supplied the requested tax returns.

70.     Defendant testified in May 28, 2008, page 9 lines 10-11 that he does not own
        a computer.


                                        Respectfully submitted,

                                        /s/ Robin J. Gray

                                        Robin J. Gray

**LAW OFFICE OF ROBIN J. GRAY, ESQ.**
**By: Robin J. Gray**
Attorney ID No. 58725                              Attorney for Defendant
P.O. Box 4322                                      Gregory Holloway
Reading, PA 19606
(610) 689-0877


**JOHN R. ANDREWS, ET AL**   : UNITED STATES DISTRICT COURT
    **Plaintiff**            : FOR THE DISTRICT OF NEW JERSEY
                            :
    **v.**                  :
                            : CIVIL DOCKET NO. 95-1047 (JBS)
**GREGORY HOLLOWAY, A/K/A** :
**GREG HOLLOWAY, ET AL**    :


## CERTIFICATE OF SERVICE

I, Robin J. Gray, attorney for Defendant Gregory Holloway certify that a true and

correct copy of Defendant's Motion to Dismiss with attachments has been served upon

the following individual by way of Electronic Filing, addressed as follows:


Michael A. Zindler, Esq.
Teich Groh
691 State Highway 33
Trenton, NJ 08610-4492


                                         /s/ Robin J. Gray
                                         Robin J. Gray, Esq.

Date:  May 12, 2010

**LAW OFFICE OF ROBIN J. GRAY, ESQ.**
**By: Robin J. Gray**
Attorney ID No. 58725                          Attorney for Defendant
P.O. Box 4322                                  Gregory Holloway
Reading, PA 19606
(610) 689-0877

| | |
|---|---|
| **JOHN R. ANDREWS, ET AL** | : UNITED STATES DISTRICT COURT |
| **Plaintiff** | : FOR THE DISTRICT OF NEW JERSEY |
| | : |
| **v.** | : |
| | : CIVIL DOCKET NO. 95-1047 (JBS) |
| **GREGORY HOLLOWAY, A/K/A** | : |
| **GREG HOLLOWAY, ET AL** | : |

## ORDER

AND NOW, this            day of                  ,2010, it is hereby Ordered and

Decreed that the court's finding that Defendant Gregory Holloway was in contempt of

court and that he be incarcerated shall be dismissed.


_____
Hon. Jerome B. Simandle