TEICH GROH
691 State Highway 33
Trenton, New Jersey 08619
Phone: (609) 890-1500
MICHAEL A. ZINDLER, ESQUIRE
Attorneys for Judgment Creditor, John R. Andrews

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN R. ANDREWS, ET AL, | : |
| Plaintiff, | : |
| v. | : CIVIL DOCKET NO. 95-1047(JBS) |
| GREGORY HOLLOWAY, A/K/A GREG HOLLOWAY, ET AL, | : |
| Defendants. | : |

### OPPOSITION AND REPLY TO JUDGEMENT DEBTOR'S MOTION TO DISMISS THE ORDER OF MARCH 12, 2009

The Judgment Creditors through their counsel, Teich Groh, hereby file this objection to the Judgment Debtor's Motion to Dismiss an Order that was entered by the Honorable Jerome B. Simandle, United States District Court on March 12, 2009, as follows:

1. The Court which fashioned, and prepared the Order held that the Judgment Defendant, Gregory Holloway, was in contempt of the Court Amended and hereto made a part hereof are copies of the March 5, 2008 Order and the Order dated March 12, 2009.

2. To date, since the entry of the Order on March 12, 2009, the Judgment Defendant has provided absolutely no documents to the Judgment Creditor's counsel in accordance with the Order of the Court of March 12, 2009.

3. The Motion that the Judgment Debtor has filed to dismiss the Order of March 12, 2009, is not verified by any statements of the Judgment Debtor, but rather is nothing

more than a soliloquy by his counsel which is not probative or in compliance in any form or matter with the Court's Order.

4. The supporting documents are nothing more than the Judgment Debtor's counsel's conclusions and statements which are not the least bit probative or persuasive as to why her client complied with this Court's Order.

5. The Order holding the Judgment Debtor in contempt provided inter alia:

    a. Providing complete and honest testimony regarding his sources of financial support, which has not been done;

    b. Providing complete and honest testimony regarding his wife's finances and employment, which has not been done;

    c. Providing complete and honest testimony regarding his relationship, business or otherwise with Carl Norton, which has not been done;

    d. Providing truthful testimony regarding the existence and whereabouts of all documents within his possession, custody or control (whether direct or indirect);

    e. Attending all scheduled depositions unless until this Court modifies its March 5, 2009 Order permitting unlimited depositions of Defendant.

6. None of the foregoing has the Judgment Debtor complied with. The relief set in the March 12, 2009 Order was fashioned by this Court and not by Judgment Plaintiff's counsel.

7. The items that the Court directed him to provide to purge his contempt have not been provided and there was no attempt by the Judgment Defendant to comply.

8. I have been advised that the Judgment Debtor was residing during the past year with his family in England and was engaged in the business of buying, selling and trading coins.

9. I further was advised that the Judgment Debtor is now residing in Belgium and is in the coin business there.

10. This information was provided to me by Carl Norton, who still communicates with the Judgment Debtor since the Judgment Debtor owes him a substantial amount of money.

11. There is absolutely no basis for this Court based upon the statements of counsel for the Judgment Debtor to dismiss this Court's Order of March 12, 2009 since there has been no purging of the contempt of the Judgment Debtor, Gregory Holloway, as to the March 5, 2008 Order of this Court.

It is respectfully submitted that the Motion to Dismiss this Order of March 12, 2009 by this Court be denied and for such other further relief that this Court shall deem just and proper in the premises.

Teich Groh
Attorney's for Judgment Creditor
By: _____
Michael A. Zindler