```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN R. ANDREWS, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil No. 95-1047 (JBS) |
| v. | |
| GREGORY HOLLOWAY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon a motion submitted by counsel for Judgment Defendant Gregory Holloway entitled "Motion to Dismiss the Order of March 12, 2009" holding Holloway in contempt of court [Docket Item 559]. The Court will deny this motion[1] because Defendant has failed to purge his contempt as required by the Court's March 12, 2009 Opinion and Order.

THIS COURT FINDS AS FOLLOWS:

1. On March 12, 2009, this Court filed an Opinion and Order holding Defendant Holloway in contempt of Court, ordering his arrest and civil confinement until he purges his contempt, but providing him with the opportunity to voluntarily surrender to the United States Marshal's Office in Camden, New Jersey by March 23, 2009 at Noon [Docket Items 548 & 549]. In that Opinion the Court held Defendant Holloway in contempt because "he

---

[1] Defendant's motion is defective. It is accompanied by no brief or memorandum of law nor a statement that no brief is required; in fact, it cites no legal authority whatsoever.

intentionally gave evasive and incomplete testimony regarding (1) his source of financial support, (2) his knowledge of his wife's finances and employment, (3) his relationship with Carl Norton, and (4) the existence and whereabouts of any documents beyond the two joint tax returns from 1998 and 1999" at several Court-ordered depositions held in May and June 2008.  <u>Andrews v. Holloway</u>, 256 F.R.D. 136, 151 (D.N.J. 2009).  The Court provided specific instructions for the purging of that contempt: "Defendant is to remain in custody until he provides complete and honest testimony on the subjects listed above . . . , and attends all future depositions, . . . unless and until the Court modifies its Order."  <u>Id.</u>

    2.  Holloway did not surrender by Noon on March 23, 2009, and consequently, a civil warrant was issued for his arrest on March 23, 2009 [Docket Item 550].  To date, the Marshals have been unable to arrest Defendant Holloway and he has not voluntarily surrendered.  Indeed, his whereabouts are unknown to the Court,[2] and his attorney, Robin Gray, Esquire, does not reveal Holloway's whereabouts in her motion papers.

    3.  Defendant remains indebted to Plaintiffs upon the multi-million dollar fraud judgment against him.

---

[2] Plaintiffs' counsel, Michael Zindler, Esquire, relates in his opposition to this motion that he was advised that over the past year Holloway and his family were residing in England where Holloway was again in the coin business, and that he has been advised that Holloway is now living in Belgium [Docket Item 560, ¶¶ 8-9].

4. Instead, Defendant submits, through counsel, the instant motion asking the Court to vacate its Contempt Order. With that motion Defendant submits some documents, including an affidavit from Carlayne Holloway, Defendant's mother, stating that she lent Defendant $130,000 of which he has returned $30,000,[3] a letter and an affidavit from Carl Norton stating that Defendant remains in communication with Mr. Norton but Mr. Norton has not provided Defendant with any money, and unsigned copies of 2001 and 2000 tax returns for Laura Andre, Defendant's wife. No tax documents since 2001 have been supplied by Holloway to Plaintiffs' counsel.

5. In addition, Defendant submits portions of transcripts from past depositions, arguing that by submitting to these past depositions he has complied with the Court's March 12, 2009 Order. Through counsel, Defendant makes various arguments and factual assertions regarding his finances and his compliance with post-judgment discovery. These transcripts are nothing new. This Court, in its March 12, 2009 Opinion, had carefully read and analyzed all submitted deposition transcripts. Indeed, there were areas of discovery that Defendant provided satisfactorily and were not subject of the contempt finding, which concerned the four topics listed in the March 12, 2009 Order and repeated in ¶

---

[3] Defendant provides no explanation for how his mother, a retired substitute teacher who at various times has claimed to be impoverished, obtained such a sum of money, nor how Defendant, allegedly without a source of income or any assets (but apparently renewing his coin business), was able to repay $30,000. See Holloway, 256 F.R.D. at 143.

1, above.

    6.   It is absurd that Defendant, a litigant and a judgment debtor who is concealing his whereabouts from this Court, seeks to have this Court act favorably while he hides from his obligations.  Whatever the value of these few recently furnished stray financial documents may be, they fail to address the four topics of contempt in more than a superficial way.  Defendant has shown a seemingly limitless capacity to make excuses for leaving no tracks of his financial dealings over the past thirteen years since June 23, 1997, when the underlying $6,097,015 judgment was entered.  Defendant's present motion typifies his refusal to provide details of his income and assets in post-judgment discovery.  For example, his attorney explains Defendant's inability to "produce any documentation other than his 2010 tax returns when they are due to be filed in 2011" by stating:

> Defendant tried without success to open a bank account. Since coin buyers and sellers demand to do business only in cash and without invoices, the funds loaned by Carlayne Holloway to Defendant are maintained in cash or inventory. The fact that the coin business is transacted in cash is a well-known and accepted practice in the coin trade industry.

Whatever the "practice" is between buyers and sellers of coins, nothing excuses Holloway from the obligations of maintaining accurate books and records of his business, including cash logs, inventories, transaction logs, records of business expenses including receipts, and the like, as required by the Internal Revenue Code and regulations.  Holloway's failure to provide such

business records demonstrates his continuing contempt of this Court's Orders.

    7.    Defendant has not purged his contempt nor has he offered any valid grounds to modify the Court's March 12, 2009 Opinion and Order.  Defendant has not surrendered himself to the United States Marshal.  He has not appeared for depositions[4] nor has he provided truthful, complete testimony regarding (1) his source of financial support, (2) his knowledge of his wife's finances and employment, (3) his relationship with Carl Norton, and (4) the existence and whereabouts of any documents beyond the two joint tax returns from 1998 and 1999.  While the documents Defendant has provided is a piecemeal beginning, it does not eliminate his obligation to surrender himself and to provide truthful deposition testimony.  See Holloway, 256 F.R.D. at 151.

    8.    If, as the Court hopes, Defendant is serious in his wish to purge his contempt, he should surrender himself to the United States Marshal.  The Court will then promptly hold a hearing at which the Court will review the status of his custody under the

---

[4] Defendant's argument, again made through counsel, that his appearance at depositions in 2008 satisfies the Court's March 12, 2009 Order is absurd.  Defendant's "deliberately unresponsive and misleading" testimony at those depositions is the basis for the Court's contempt order.  Holloway, 256 F.R.D. at 142.  Such an argument is either a deliberate attempt to mislead the Court or frivolous to the point of being sanctionable.  For the purposes of addressing the pending motion, the Court will not resolve the issue of sanctions for making frivolous arguments at this time.  The Court will weigh the appropriateness of sanctions against defense counsel at a future date, after giving Ms. Gray an opportunity respond.

Order and his compliance with it so that his deposition and document production will promptly be resumed.

9. In the alternative, Defendant may pay the full amount of the outstanding judgment against him, therefore rendering the Contempt Order moot, since honest post-judgment financial discovery will no longer be needed.

10. Until Defendant appears before this Court or pays the judgment against him in full, the Court will not entertain further motions to modify or vacate the outstanding warrant and Contempt Order.  That Contempt Order is based upon a thorough review of Mr. Holloway's contumacious conduct throughout these years of fruitless post-judgment discovery of his assets; only his deeds, and not his promises, can result in purging his contempt.  The Contempt Order is fashioned solely to achieve Defendant's compliance with this Court's Orders; as soon as he complies, the Contempt Order will be dissolved.

11. The accompanying Order shall be entered.

**July 26, 2010**          **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                            United States District Judge