IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN R. ANDREWS, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | |
| v. | Civil Action No. 1:95-1047 (JBS) |
| GREGORY HOLLOWAY a/k/a GREG HOLLOWAY, et al., | |
| Defendants. | **MEMORANDUM OPINION & ORDER** |

**SIMANDLE, District Judge:**

This matter is before the Court on Defendant Gregory Holloway's Motion [Docket Item 570] for an Order vacating the Order for Civil Arrest of March 12, 2009 and accompanying Arrest Warrant [Docket Items 549 & 550]. After the filing of the Motion, Louis N. Larsen (the personal representative of the estate of one of the Judgment Creditor/Plaintiffs, Louis F. Larsen (deceased)), submitted a letter to the Court requesting an enlargement of time in which to submit a response in opposition. [Docket Item 572.] The Court subsequently granted such request [Docket Item 573] and stated that "the time for all Plaintiffs' responses will hereby be enlarged to December 22, 2017, for each Plaintiff which has been duly served with notice of Defendant['s] motion[.]" Id. The Court hereby finds as follows:

1. The docket does not reflect the filing of any further opposition papers by Mr. Larsen or any other Plaintiff.

**2.** Defendant's motion is premised on the position that the initial judgment against him: expired on June 21, 2017, having been entered twenty (20) years before on June 20, 1997 as a result of a settlement agreement [Docket Item 371]; was not renewed before the expiration of such judgment by any Judgment-Creditor/Plaintiff; and accordingly can no longer serve as the basis for any charge of civil contempt based on the failure to abide by the Court's order of 2008 regarding Defendant's obligation to testify truthfully and non-evasively about relevant financial information, nor for any arrest warrant for such a charge (citing <u>Andrews v. Roadway Express, Inc.</u>, 473 F.3d 565 (5th Cir. 2006), in support).

**3.** "To enforce a judgment, judgment creditors must file a writ of execution in accordance with the 'practice and procedure of the state in which the district court is held.' Fed. R. Civ. P. 69(a)[(1)]. Time limits for writs of execution are procedural in nature and are governed by state law." <u>Andrews</u>, 473 F.3d at 568 (internal notes and citations omitted).

**4.** Whether jurisdiction in this case was premised on diversity of citizenship or federal question, the time period within which the Judgment Creditors could have enforced the judgment was twenty years. See <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938) and N.J.S.A. Sec 2A:14-5 ("A judgment in any court of record in this state may be revived by proper proceedings or an action at law may be commenced thereon within 20 years next after the date thereof, but not

thereafter."); 28 U.S.C. Sec 3201(c) ("(1) Except as provided in paragraph (2), a lien created under subsection (a) is effective, unless satisfied, for a period of 20 years. (2) Such lien may be renewed for one additional period of 20 years upon filing a notice of renewal in the same manner as the judgment is filed and shall relate back to the date the judgment is filed if-- (A) the notice of renewal is filed before the expiration of the 20-year period to prevent the expiration of the lien; and (B) the court approves the renewal of such lien under this paragraph.").

5. Mr. Larsen's letter indicated that he intended to submit arguments to the effect that the order for civil arrest should remain in place because the "judgment may have been domesticated in other jurisdictions" and because "a judgment debtor who has been held in contempt should not have the ability to avail himself of the judgment revival statute." [Docket Item 572.] However, Mr. Larsen, to date, has not submitted any additional argument as to these or any other points. It appears that Mr. Larsen is attempting to invoke the doctrine of equitable tolling arising from Defendant's continuing violations of post-judgment discovery obligations before and after entry of the Court's Memorandum Opinion and Order of March 12, 2009. [Docket Item 548.]

6. The Court expresses no opinion on the merits of the substance of Defendant's motion. However, the Court notes that Defendant has not

3

addressed the applicability of N.J.S.A. § 2A:14-22(a), "Nonresidency of persons liable," which states in relevant part:

> If (1) any person against whom there is any of the causes of action specified in sections 2A:14-1 to 2A:14-5 and 2A:14-8, or if any surety against whom there is a cause of action specified in any of the sections of article 2 of this chapter, is not a resident of this State when such cause of action accrues, or removes from this State after the accrual thereof and before the expiration of the times limited in said sections, . . . and (2) it appears by affidavit of plaintiff's attorney or of any person having knowledge of the facts that, after diligent inquiry and effort, long-arm service cannot be effectuated, the time or times during which such person or surety is not residing within this state . . . shall not be computed as part of the periods of time within which such an action is required to be commenced by the section. The person entitled to any such action may commence the same after the accrual of the cause therefor, within the period of time limited therefor by said section, exclusive of such time or times of nonresidence or nonrepresentation.

See also Goglia v. Desa, No. L-1845-90, 2015 WL 3968699, at *2-*4 (N.J. Sup. Ct. App. Div. July 1, 2015)(remanded for trial court to "make findings and conclusions as to whether the statute of limitations should be tolled" or whether defendant should "be relieved of the judgment because it is inequitable for the judgment to remain considering the fact that it was unenforceable as the statute of limitations had expired[,]" where plaintiff "submitted an affidavit to the trial court detailing [defendant's] movement out of state since [plaintiff] obtained the judgment" "[t]o satisfy N.J.S.A. 2A:14-22(a)[.]").

7. The Court's previous order with regard to the instant Motion stated that "Defendant shall have the burden of proving proper service

4

of the motion upon each Plaintiff in due course." [Docket Item 573 at 2.]

8. The Court notes that no proof of service has been submitted by Defendant Holloway since the Court's order; all that has been received and docketed is an item of returned mail addressed to Defendant Scott Baker, which was returned as undeliverable with no forwarding address. [Docket Item 574.]

9. Accordingly, because Defendant has failed to carry his burden of proving proper service of the motion upon each Judgment Creditor/Plaintiff, Defendant's Motion shall be, and hereby is **DENIED** without prejudice. If Defendant elects to renew this motion, Defendant shall (a) describe the efforts undertaken to effect proper service upon each Plaintiff, and (b) address whether this Court's contempt order regarding Defendant's non-compliance with prior orders for post-judgment discovery equitably tolled the period for effectiveness and enforcement of the judgment lien which the unsatisfied contempt order was imposed to enforce.

| **July 2, 2018** | **s/ Jerome B. Simandle** |
|---|---|
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |