IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN R. ANDREWS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY HOLLOWAY, *et al.*,<br><br>Defendants. | Civil No. 95-1047 (RMB/AMD)<br><br><br>MEMORANDUM ORDER |

**RENÉE MARIE BUMB, United States District Judge**

**THIS MATTER** comes before the Court upon a Motion to Dispose of Unclaimed Settlement Funds Held in Escrow by Counsel Edward C. Logan, Esq. ("**Counsel**") for Defendant Gregory Holloway ("**Holloway**"). [Docket No. 669 (the "**Motion**").] Counsel filed the pending Motion on August 11, 2022, and Lorri Priest, an interested non-party, filed a letter in response on August 16, 2022. [Docket No. 670.] Previously, on March 9, 2020, the Court closed this matter. [Docket No. 667.] For the reasons set forth below, the Court will **DENY** Counsel's Motion.

This action has a "long and inglorious history, consuming much time, energy, and expense" and "necessitating court intervention for the mundane . . . as well as the trivial." [Docket No. 548 (*citing Andrew v. Holloway*, No. 95-1047, 1996 WL 495148, at *4 (D.N.J. Aug. 27, 1996)).] In the present Motion, Counsel asks the Court to direct him as to the disposition of $12,000 of unclaimed settlement funds

that he holds in escrow for the benefit of the estate of Plaintiff Arlis Priest. [Docket No. 669, at 1–2.] As the Court understands, Plaintiff Priest died in 2008, and as this litigation was culminating nearly a decade later, Counsel negotiated with Plaintiff Priest's daughter Marcia Priest, a resident of Arizona, whom Counsel believed to be Plaintiff Priest's duly appointed executor and successor-in-interest. [Docket No. 669-1 ¶¶ 15, 17, 19–21; Docket No. 669, at 1.]

On or around November 19, 2018, Marcia Priest signed a stipulation and a settlement agreement which, in combination with other plaintiffs' agreements, resolved this litigation in 2020. [*Id.* ¶ 20; *see also* Docket No. 642.] The settlement agreement apparently provided for a payment of $12,000 owed to the estate of Plaintiff Priest in resolution of Plaintiff Priest's claims against Holloway. [Docket No. 669-1 ¶ 21.] Following execution Counsel sent Marcia Priest multiple checks, at different points in time, for the funds owed to her father's estate, but they were never cashed. [*Id.* ¶¶ 21–22, 28–29.] Accordingly, Counsel returned the funds, less advanced expenses and fees, to Holloway. [*Id.* ¶ 29.]

Beginning in December 2019, Counsel was contacted by Lorri Priest, another Arizona-based daughter of Plaintiff Priest, who disputed her sister's competence to have executed a settlement agreement, claimed to be the true representative of her father's estate, and demanded the settlement proceeds (the "**Unclaimed Funds**"). [*Id.* ¶¶ 23, 31; Docket No. 669, at 1.] After attempts to sort out ownership went sideways (as there appear to have been deficiencies in decedent Arlis Priest's probate process), Lorri Priest filed an ethics complaint against Counsel for defrauding her of

the Unclaimed Funds. [Docket No. 669-1 ¶¶ 30, 32; *see also* Docket No. 670.] Counsel thereafter asked Holloway to deposit $12,000 in Counsel's escrow account, and he filed the present Motion. [Docket No. 669-1 ¶ 33.]

Counsel claims to have no interest in the Unclaimed Funds and requests that the Court direct him to deposit the funds in the Court's Registry until such time as Marcia and Lorri Priest address issues related to their father's intestacy, whereupon the Unclaimed Funds can be distributed. [*Id.* ¶¶ 30, 34–35.] In the alternative, Counsel asks that the Court direct that the Unclaimed Funds be returned to Holloway if Marcia and Lorri Priest do not address the intestacy issues within a defined period of time. [*Id.* ¶ 35.]

This matter has been closed for over two years, and the Court did not retain jurisdiction to address disputes concerning the plaintiffs' settlement agreements or any other ancillary matters. [*See* Docket No. 667.] For this reason, the Court will not grant Counsel's Motion and reinsert itself into a decades-long litigation to address, what is at bottom, a probate issue.

To the extent Counsel's Motion is better construed as an interpleader claim—though Counsel certainly did not style it as such—the Court will deny the Motion for a similar reason. It cannot exercise subject matter jurisdiction on the facts presented.[1] While the Court recognizes Counsel's predicament (and, indeed, Ms.

---

[1] Interpleader enables a person holding money or property—the stakeholder-plaintiff—to bring one action against two or more persons asserting, or who may assert, claims to that money or property in order to settle the dispute and avoid the prospect of multiple liability. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). There are

Lorri Priest's frustration), Counsel cannot obtain the relief he seeks in this matter. Instead, Counsel may file a new interpleader action in a court of appropriate jurisdiction if he so chooses.

**THEREFORE**, it is this **11th** day of **October 2022**, hereby:

**ORDERED** that Counsel's Motion [Docket No. 669] is **DENIED** for lack of jurisdiction.

                                                  s/Renée Marie Bumb
                                                  Renée Marie Bumb
                                                  United States District Judge

Copies to:

Marcia Priest
7726 East Park View Drive
Mesa, Arizona 85208

Lorri Priest
21529 North 72nd Ave
Glendale, Arizona 85308

---

two methods for pursuing an interpleader action in federal court. The first is statutory interpleader pursuant to 28 U.S.C. § 1335; the second is Federal Rule of Civil Procedure 22. While the latter requires an independent basis for subject matter jurisdiction (such as diversity jurisdiction pursuant to 28 U.S.C. § 1332), the former provides its own basis—a court may adjudicate a statutory interpleader matter if there is "minimal diversity" between two or more adverse claimants and the amount in controversy is $500 or more. 28 U.S.C. § 1335; *Price*, 501 F.3d at 275 (*citing State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967)). Classic statutory interpleader actions thus do not consider the citizenship of the stakeholder-plaintiff when assessing subject matter jurisdiction, as the stakeholder-plaintiff in such cases does not assert an interest in the disputed *res*. *See Price*, 501 F.3d at 275.

      In the instant case, assuming the Motion is essentially a statutory interpleader claim, the Court does not believe that it has jurisdiction. The only two purported adverse claimants—Marcia and Lorri Priest—both appear to be citizens of Arizona. [Docket No. 669, at 1.] Accordingly, even "minimal diversity" does not exist for the Court to exercise jurisdiction. *See* 28 U.S.C. § 1335; *Price*, 501 F.3d at 275. Moreover, the Court would not have jurisdiction if this were construed to be a procedural interpleader claim against non-parties Marcia and Lorri Priest either, as Counsel would have to properly invoke federal question or diversity jurisdiction, and both appear to be deficient bases. *See* FED. R. CIV. P. 22; *Price*, 501 F.3d at 275.